1

2                          **UNITED STATES DISTRICT COURT**

3                                **DISTRICT OF NEVADA**

4                                         **\*\*\***

5

6    TANUS CABINETS DESIGNS, INC.,

7                        Plaintiff,

8    vs.                                          Case No. 2:14–cv–59–GMN–VCF

9    CENTRAL TRANSPORT LLC, *et al.*,             <u>**ORDER AND**</u>
                                                  <u>**REPORT & RECOMMENDATION**</u>
10                       Defendants.

11

12           This matter involves Tanus Cabinet's breach of contract action against Central Transport and

13   Blue Grace Logistics for damage that occurred to a cosmetic kiosk shipped to the Providence Place

14   Mall. Before the court is Blue Grace's motion to dismiss for defective service of process (#15, #16[1]) and

15   Blue Grace's motion to stay discovery pending the court's ruling on the motion to dismiss (#20). For the

16   reasons stated below, Blue Grace's motion to dismiss should be denied and Blue Grace's motion to stay

17   is denied.[2]

18

19                                      **BACKGROUND**

20           In July 2013, Blue Grace Logistics directed Central Transport to pick up and deliver a cosmetic

21   kiosk to the Providence Place Mall in Providence, Rhode Island. (Pl.'s Opp'n (#17) at 3). When Central

22   Transport arrived at the mall, Central Transport's shipment was refused. (*Id.*) For four days, the kiosk

23

24   ---

     [1] Parenthetical citations refer to the court's docket.
25   [2] Central Transport also filed a notice of a clerical error (#18). The notice alerts the court to Tanus's opposition,
     which mistakenly identifies the instant motion to dismiss as Central Transport's motion, and not Blue Grace's
     motion. Central Transport asks the court to not "punish" Central Transport for Tanus's clerical error. The court
     will not construe Tanus's error against Central Transport.

was stored in an unknown location and then discovered in a warehouse in Ohio. (*Id.*) On July 25, 2013, the kiosk arrived at the Providence Place Mall. (*Id.*) It was "completely destroyed." (*Id.*) Litigation ensued.

On November 12, 2013, Tanus filed suit in state court. On December 3, 2013, Tanus erroneously served Blue Grace's registered agent, George Keele of Evilsizor Transportation Service, at 1692 County Road, Minden, Nevada, with a summons and complaint for Central Transport. (*See* Summons #1-2). On December 18, 2013, Central Transport received a copy of the summons and complaint in the U.S. Mail; and, on January 13, 2014, Central Transport timely removed the action to federal court. (*See generally* Petition for Removal #1); (Statement of Removal #7).

Service was subsequently attempted "numerous" times. (Pl.'s Opp'n (#17) at 5:3). On February 6, 2014, Tanus attempted to properly serve Blue Grace's registered agent, George Keele. However, Tranus's process server may have attempted service at a residence at 1692 Country Club Road, Minden, Nevada rather than 1692 County Road, Minden, Nevada, where George Keele's office is located. In any event, the parties agree that this service attempt failed.

On March 18, 2014, Tanus attempted to serve Blue Grace again (*See* Summon #13). However, Tanus served Blue Grace with state, not federal, process. Tanus made no subsequent attempts to serve Blue Grace. On February 3, 2014, Blue Grace filed the instant motion to dismiss. On May 13, 2014, Tanus's 120-day period to serve Blue Grace expired.[3] On May 22, 2014, Blue Grace filed the instant

---

[3] Federal Rule of Civil Procedure 4(m) requires that service of process be effectuated on all defendants within 120 days after the filing of the complaint. In a removed case, the 120-day period begins to run from the date of removal. *See* 28 U.S.C. § 1448. 4B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL 3d: § 1137 (2002) ("In removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court. . . ."); *see also Vasquez v. N. Cnty. Transit Dist.*, 292 F.3d 1049, 1053 (9th Cir. 2002) ("After removal, the City neglected to perfect service against the Board within 120 days as required by 28 U.S.C. § 1448 and Federal Rule of Civil Procedure 4(m)"); *Cardenas*

motion to stay discovery.

**DISCUSSION**

Blue Grace moves to dismiss Tanus' complaint on two grounds. First, Blue Grace argues that the court lacks personal jurisdiction over Blue Grace because Tanus failed to serve Blue Grace in accordance with the Federal Rules of Civil Procedure as required under 28 U.S.C. § 1448. Second, Blue Grace argues that Tanus's complaint against Blue Grace should be dismissed because Tanus's March 18, 2014 service was untimely under Rule 4(m). Both arguments are addressed below.

I.     **Whether Service was Defective under 28 U.S.C. § 1448**

The first question Blue Grace's motion raises is whether Tanus's complaint should be dismissed for failure to serve Blue Grace in according with 28 U.S.C. § 1448. This statute states:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

Interpreting 28 U.S.C. § 1448, the Ninth Circuit stated that the statue contemplates three separate situations: "(1) where a defendant has not been served at all with state process prior to removal; (2) where a defendant has been served prior to removal but the service has not been perfected in accord with state law at the date of removal; (3) where a defendant has been served prior to removal but the summons contains some formal defect on its face." *Beecher v. Wallace*, 381 F.2d 372, 372 (9th Cir. 1967).

Citing 28 U.S.C. § 1448 and *Beecher*, Blue Grace argues that because Central Transport removed the action on January 13, 2014, Tanus was required to serve Blue Grace in accordance with the

---

*v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011) (stating that the 120-day period commences on removal); *Wallace v. Microsoft Corp.*, 596 F.3d 703 (10th Cir. 2010).

Federal Rules of Civil Procedure. (*See* Def.'s Mot. to Dismiss (#16) at 4:23) ("Service in federal court requires a federal summons."). This is incorrect. As stated by Rule 4 and *Beecher*, service in federal court may oftentimes be executed in accordance with state law. *See, e.g.*, Fed. R. Civ. P. 4 4(e)(1) (permitting service by publication in federal court as provided by the state law in the state where the court sits). In fact, of the three situations identified by *Beecher*, only one requires a federal summons in federal court. That situation is "where a defendant has not been served **at all** with state process prior to removal." *Beecher*, 381 F.2d at 372. This situation does not exist here. On December 3, 2013, Tanus erroneously served Blue Grace's registered agent, George Keele, with a summons and complaint for Central Transport. (*See* Summons #1-2).

The circumstances of this action fall under the third category identified by *Beecher*: "where a defendant has been served prior to removal but the summons contains some formal defect on its face." On December 3, 2013, Tanus served Blue Grace's registered agent; but service was facially defective because it named Central Transport, not Blue Grace. (*See* Summons #1-2). In this situation, *Beecher* provides that "'process may be completed' in the federal court in the same manner as in the state court." *Id.* (citing *Stauffer v. McLain Trucking, Inc.*, 8 F.R.D. 478 (N.D. Ohio 1968)). Consequently, it was appropriate for Tanus to correct its error by serving Blue Grace on March 18, 2014 in accordance with Nevada law, even though the action had been removed to federal court on January 13, 2014. *See id.*

## II.  Whether Service was Untimely under Rule 4(m)

Having determined that Tanus's service was effective under 28 U.S.C. § 1448, the court now considers the second issue raised by Blue Grace's motion: whether Tanus's complaint should be dismissed for failure to serve Blue Grace within Rule 4(m) 120-day time period.

Federal Rule of Civil Procedure 12(b)(5) states that a party may move to dismiss a complaint for insufficient service of process. "Service of process" is a formal delivery of documents that is legally

4

sufficient to charge the defendant with notice of a pending action. *R. Griggs Grp. Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1103 (D. Nev. 1996) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988)). Under Rule 4(m), "[i]f a defendant is not served within 120 after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." In a removed case, the 120-day period begins to run from the date of removal. *Vasquez v. N. Cnty. Transit Dist.*, 292 F.3d 1049, 1053 (9th Cir. 2002); *see also* 28 U.S.C. § 1448; 4B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL 3d: § 1137 (2002) ("In removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court. . . .").

Blue Grace argues that Tanus's complaint should be dismissed because Tanus's March 18, 2014 service was untimely. This is incorrect. As discussed above, where a complaint has been removed from state court, the 120-day period begins to run from the date of removal rather than the date the complaint was filed in state court. *See* 28 U.S.C. § 1448; 4B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL 3d: § 1137 (2002). Here, Central Transport removed Tanus's action on January 13, 2014. Under Rule 4(m), Tanus had until May 13, 2014 to serve Blue Grace.

Blue Grace was served on March 18, 2014 under Nevada law. (*See* Beckman Aff. (#16) Exhibit A at ¶ 3) ("I am authorized to accept service on behalf of Blue-Grace. On March 18, 2014, Blue Grace was first delivered a copy of the summons and complaint in this matter."). This cured Tanus's prior service, which suffered from a facial defect, *see Beecher*, 381 F.2d at 372, and rendered Tanus's confusion of the two addresses inconsequential.

## III.   <u>Whether the Court should Stay Discovery</u>

Finally, Blue Grace moves to stay discovery pending the court's ruling on its motion to dismiss. Because Tanus's complaint survives Blue Grace's Rule 12(b)(5) motion to dismiss, Blue Grace's motion

to stay fails as a matter of law. *See TradeBay, LLC v. Ebay, Inc*., 278 F.R.D. 597, 600 (D. Nev. 2011) (stating that a stay pending a motion to dismiss is only appropriate if, after taking a preliminary peek at the pending motion to dismiss, the court is "convinced" that the plaintiff's action will be dismissed."). Because Tanus's complaint survives Blue Grace's Rule 12(b)(5) motion to dismiss, the motion to stay fails as a matter of law.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Blue Grace's motion to dismiss for defective service of process (#15, #16) be DENIED.

IT IS ORDERED that Blue Grace's motion to stay discovery pending the court's disposition of Blue Grace's motion to dismiss (#20) is DENIED.

DATED this 4th day of June, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

6