# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TANUS CABINETS DESIGNS, INC., a Nevada Corporation, | |
| Plaintiff, | Case No.: 2:14-cv-00059-GMN-VCF |
| vs. | **ORDER** |
| CENTRAL TRANSPORT, LLC, d/b/a CENTRAL TRANSPORT, a Limited Liability Company; BLUE GRACE LOGISTICS, LLC, a Limited Liability Company; and DOE CORPORATIONS I through XX, | |
| Defendants. | |

Pending before the Court is the Motion to Dismiss (ECF No. 5) filed by Defendant Central Transport, LLC ("Defendant"). Plaintiff Tanus Cabinets Designs, Inc. ("Plaintiff") filed a Response (ECF No. 8), and Defendant filed a Reply (ECF No. 9).

## I. BACKGROUND

In 2013, Plaintiff hired Blue Grace Logistics, LLC ("Blue Grace") to deliver a cosmetics kiosk via ground service from Las Vegas, Nevada to a mall in Providence, Rhode Island. (Compl. ¶ 6, ECF No. 1-1.) Blue Grace then hired Defendant to pick up and deliver the kiosk, but the shipment was rejected and Defendant transported it to Connecticut and then to Ohio. (*Id.* ¶¶ 7–9.) After locating the kiosk in Ohio, Plaintiff instructed Blue Grace to send it back to the mall in Rhode Island, where it allegedly arrived "completely destroyed." (*Id.* ¶ 10.)

Plaintiff filed suit in the Eighth Judicial District Court seeking damages for breach of contract; breach of covenant of good faith and fair dealing; unjust enrichment; negligent supervision, hiring, and retention; and negligence. (*Id.* ¶¶ 15–40.) Defendant subsequently filed a Notice of Removal (ECF No. 1) to this Court and the instant Motion to Dismiss in which

Defendant seeks dismissal of Plaintiff's state law claims (ECF No. 5). Specifically, Defendant claims that Plaintiff's state law claims are fully preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. (Mot. to Dismiss 1:24–26, ECF No. 5.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear

that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

#### A. Carmack Amendment Completely Preempts Plaintiff's State Law Claims

In its Motion to Dismiss, Defendant argues that Plaintiff's state law claims are completely preempted by the Carmack Amendment. (Mot. to Dismiss 1:24–26, ECF No. 5.)

The wide-ranging Carmack Amendment, 49 U.S.C. § 14706, provides "'a uniform national liability policy for interstate carriers'" under receipts and bills of lading. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007) (quoting *Hughes Aircraft Co. v. N. Am. Van Lines, Inc.*, 970 F.2d 609, 613 (9th Cir. 1992)). The Ninth Circuit has already held that the Carmack Amendment is a complete defense to well-pleaded state law claims "alleging all manner of harms," including "contract claims alleging delay, loss, failure to deliver or damage to property." *Id.* at 688–89[1]; *see also Coughlin v. United Van Lines, LLC*, 362 F. Supp. 2d 1166, 1168 (C.D. Cal. 2005) (granting defendant's motion to dismiss plaintiff's state law claims because "[a]ll Circuit Courts of Appeal, including the Ninth Circuit, have held that Carmack's broad scope preempts all state law claims, whether they contradict or supplement Carmack remedies"). Further, Carmack "'provides the exclusive cause of action for the claim asserted and also sets forth procedures and remedies governing that cause of action.'" *Hall*, 476 F.3d at 687 (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

Here, the only argument Plaintiff presents to Defendant's preemption defense is that the Carmack Amendment is waived because Plaintiff failed to sign the bill of lading and Defendants failed to initial the bill where indicated. (Resp. 8:1–11, ECF No. 8.) This argument fails, however, because Plaintiff presents no case law—and the Court on its own independent

---

[1] In *Hall*, the Ninth Circuit also held that, because "the Carmack Amendment completely preempts a contract claim alleging loss or damage to property," such a "completely preempted contract claim presents a federal question." 476 F.3d at 688–89.

review has found no case law—that supports the proposition that a missing signature and/or initials on a bill of lading constitutes a waiver of the Carmack Amendment. The bill of lading itself lacks any indication that both parties agreed to waive their rights and remedies under the Carmack Amendment. *See* 49 U.S.C. § 14101(b)(1) (providing that shippers and carriers may waive the Carmack Amendment remedies if they do so with express language in writing).

Because Plaintiff's state law claims fall within the ambit of the Carmack Amendment, and because the $10,000 amount-in-controversy jurisdictional requirement in the Carmack Amendment is satisfied, the Court hereby grants Defendant's Motion to Dismiss. *See* 28 U.S.C. § 1337(a) ("[T]he district courts shall have original jurisdiction of an action brought under [the Carmack Amendment], only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs."); (Compl. ¶¶ 25, 31, 36, 40, ECF No. 1-1).

### B. Leave to Amend

In its Response, Plaintiff requests that it be granted leave to amend its Complaint to comply with Carmack preemption. (Resp. 8:14–23, ECF No. 8.) Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Furthermore, the Supreme Court requires courts to grant leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Because the Court cannot find that amendment would be futile and finds no evidence of undue delay, bad faith, or dilatory movant, the Court grants Plaintiff leave to amend its Complaint to state a claim under the Carmack Amendment for actual damage to the kiosk through interstate transport by Defendant under a bill of lading. *See* 49 U.S.C. § 11706, 14706; *Coughlin*, 362 F. Supp. 2d at 1170. Plaintiff shall file its amended complaint by Wednesday, August 13, 2014.. Failure to

file an amended complaint by this date shall result in the Court dismissing Plaintiff's complaint with prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 5) is **GRANTED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall file its amended complaint by **Wednesday, August 13, 2014**. Failure to file an amended complaint by this date shall result in the Court dismissing Plaintiff's Complaint with prejudice.

**DATED** this __30__ day of ____July____, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge