**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TANUS CABINETS DESIGNS, INC., a Nevada Corporation, ) ) ) | |
| Plaintiff, ) | Case No.: 2:14-cv-00059-GMN-VCF |
| vs. ) ) | **ORDER** |
| CENTRAL TRANSPORT, LLC, d/b/a ) CENTRAL TRANSPORT, a Limited Liability ) Company; BLUE GRACE LOGISTICS, LLC, ) a Limited Liability Company; and DOE ) CORPORATIONS I through XX, ) ) | |
| Defendants. ) ) | |

Pending before the Court is the Motion to Dismiss (ECF No. 32) filed by Defendant Blue Grace Logistics, LLC ("Blue Grace"). Plaintiff Tanus Cabinets Designs, Inc. ("Plaintiff") did not file a response. For the reasons discussed below, Blue Grace's Motion is **GRANTED**.

**I.     BACKGROUND**

In 2013, Plaintiff hired Blue Grace to deliver a cosmetics kiosk to a mall in Providence, Rhode Island. (Am. Compl. ¶ 5, ECF No. 30). Blue Grace then hired Defendant Central Transport, LLC ("Central Transport") to pick up and deliver the kiosk, but the shipment was rejected. (*Id.* ¶¶ 6–8). After locating the kiosk in Ohio, Plaintiff instructed Blue Grace to send it back to the mall in Rhode Island, where it allegedly arrived destroyed. (*Id.* ¶ 9).

Plaintiff filed suit in the Eighth Judicial District Court seeking damages for breach of contract; breach of covenant of good faith and fair dealing; unjust enrichment; negligent supervision, hiring, and retention; and negligence. (Compl. ¶¶ 15–40, ECF No. 1-1). Central Transport subsequently filed a Notice of Removal (ECF No. 1) to this Court and a Motion to

Dismiss in which it sought dismissal of Plaintiff's state law claims as fully preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 (ECF No. 5). The Court granted Central Transport's Motion to Dismiss and granted Plaintiff leave to file an amended complaint. (Order 5:4–8, ECF No. 29). Plaintiff timely filed its Amended Complaint (ECF No. 30), to which Blue Grace filed the instant motion.

## II.     DISCUSSION

Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d). As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930, at *1 (D. Nev. June 13, 2002). However, before dismissing a claim for failing to follow local rules, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282, at *3 (D. Nev. Nov. 30, 2009). Further, Plaintiff's failure to timely respond to Blue Grace's motion has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Less drastic sanctions available to the Court include dismissal of Plaintiff's Complaint without prejudice.

The fifth factor also does not weigh in favor of Plaintiff because it is not clear that this

case was likely to be decided on the merits.  Plaintiff has failed to take any action since the Motion to Dismiss was filed.  Accordingly, the Court concludes that consideration of the five factors discussed above weighs in favor of dismissal.

### III.  CONCLUSION

**IT IS HEREBY ORDERED** that Blue Grace's Motion to Dismiss is **GRANTED**. Plaintiff's Amended Complaint (ECF No. 30) is **DISMISSED** without prejudice as to Blue Grace.  Plaintiff shall have until **November 4, 2014**, to file a second amended complaint. Failure to file a second amended complaint by this deadline will result in dismissal with prejudice of Plaintiff's claims against Blue Grace.

**DATED** this 20th day of October, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge