UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TANUS CABINETS DESIGNS, INC., a Nevada Corporation, | ) ) ) |
| Plaintiff, | ) Case No.: 2:14-cv-00059-GMN-VCF ) |
| vs. | ) ORDER ) |
| CENTRAL TRANSPORT, LLC, d/b/a CENTRAL TRANSPORT, a Limited Liability Company; BLUE GRACE LOGISTICS, LLC, a Limited Liability Company; and DOE CORPORATIONS I through XX, | ) ) ) ) ) ) |
| Defendants. | ) ) |

Pending before the Court is the Motion to Remand (ECF No. 46) filed by Cross-Claimant Blue Grace Logistics, LLC ("Blue Grace"). Cross-Defendant Central Transport filed a Response (ECF No. 50), and Blue Grace filed a Reply (ECF No. 52). For the reasons discussed below, Blue Grace's Motion is **GRANTED**.

## I.   BACKGROUND

In 2013, Plaintiff hired Blue Grace Logistics, LLC ("Blue Grace") to deliver a cosmetics kiosk to a mall in Providence, Rhode Island. (Am. Compl. ¶ 5, ECF No. 30). Blue Grace then hired Central Transport to pick up and deliver the kiosk, but the shipment was rejected. (*Id.* ¶¶ 6–8). After locating the kiosk in Ohio, Plaintiff instructed Blue Grace to send it back to the mall in Rhode Island, where it allegedly arrived destroyed. (*Id.* ¶ 9).

Plaintiff filed suit in the Eighth Judicial District Court seeking damages for breach of contract; breach of covenant of good faith and fair dealing; unjust enrichment; negligent supervision, hiring, and retention; and negligence. (Compl. ¶¶ 15–40, ECF No. 1-1). Central

Transport subsequently filed a Notice of Removal (ECF No. 1) to this Court and a Motion to Dismiss in which it sought dismissal of Plaintiff's state law claims as fully preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 (ECF No. 5).  The Court granted Central Transport's Motion to Dismiss and granted Plaintiff leave to file an amended complaint.  (Order 5:4–8, ECF No. 29).  Plaintiff timely filed its Amended Complaint (ECF No. 30), to which Blue Grace filed an Answer (ECF No. 33), asserting cross-claims against Central Transport for (1) equitable indemnification, (2) contractual indemnification, (3) contribution, (4) breach of contract, and (5) breach of the implied covenant of good faith and fair dealing.

On November 19, 2014, Plaintiff Tanus Cabinets Designs, Inc. ("Plaintiff") stipulated to a dismissal of its claims against Central Transport with prejudice. (*See* Order on Stipulation, ECF No. 49).  Furthermore, Plaintiff's claims against Blue Grace were dismissed with prejudice on December 19, 2014. (*See* Order, ECF No. 53).  Therefore, only Blue Grace's cross-claims against Central Transport remain.

## II.     DISCUSSION

Pursuant to 28 U.S.C. § 1367, federal district courts have supplemental jurisdiction over civil claims that are so related to a case's original jurisdiction claims that they form part of the same case or controversy. 28 U.S.C. § 1367(a) (2006).  Once judicial power exists under Section 1367(a), retention of supplemental jurisdiction over state law claims under Section 1367(c) is discretionary. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).  The court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

Neither party disputes that the claims over which the Court had original jurisdiction have been dismissed.  Accordingly, the Court finds that the values of economy, convenience, fairness, and comity weigh in favor of the Court's declination of supplemental jurisdiction over

the remaining cross-claims. *See Acri*, 114 F.3d at 1001 ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims") (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  Therefore, the Court declines to exercise supplemental jurisdiction over the remaining cross-claims and remands this case back to Nevada's Eighth Judicial District Court.

### III.  CONCLUSION

**IT IS HEREBY ORDERED** that that that the Motion to Remand (ECF No. 46) is **GRANTED** and this case is hereby remanded to the Eighth Judicial District Court.  The Clerk of the Court shall remand this case back to state court and thereafter close this Court's case.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 41) and the Motion for Summary Judgment (ECF No. 44) are **DENIED as moot**.

**DATED** this 6th day of April, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge